**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHERI L. FISHER,

Plaintiff,

v. Case No. 3:25-cv-714-MMH-LLL

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 21; Report), entered by the Honorable Laura Lothman Lambert, United States Magistrate Judge, on June 4, 2026. In the Report, Judge Lambert recommends that the decision of the Commissioner of Social Security denying Plaintiff, Cheri Fisher's, claim for disability insurance benefits be affirmed. See generally Report; see also Plaintiff's Memorandum in Support of the Complaint (Doc. 13; Fisher's Memorandum), filed on October 24, 2025; Memorandum in Support of the Commissioner's Decision (Doc. 19; Commissioner's Memorandum), filed on January 20, 2026; Plaintiff's Reply Motion for Summary Judgment with Supporting Memorandum of Law (Doc. 20; Fisher's Reply Memorandum), filed on February 3, 2026. Fisher timely filed

objections to the Report. See Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Doc. 22; Objections), filed on June 18, 2026. The Commissioner responded to the Objections. See Defendant's Response to Plaintiff's Objections to Magistrate Judge's Report & Recommendation (Doc. 24; Response), filed on July 17, 2026. Although not contemplated by the Federal Rules of Civil Procedure (Rule(s)) or the Court's Local Rules, Fisher replied to the Commissioner's Response. See Plaintiff's Reply in Support of the Objections to Magistrate Judge's Report and Recommendation (Doc. 25; Reply), filed on July 24, 2026. The Commissioner did not object to the Reply, and because it clarifies Fisher's arguments, the Court exercises its discretion to consider the filing. Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 37.

justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not"). Because the Court finds that the Objections are due to be overruled and the Report is due to be adopted as the Court's opinion, the Court will not repeat the factual background or the arguments and authority addressed there. Instead, the Court writes briefly only to address the Objections.

Fisher raises two objections to the Report. See generally Objections. First, Fisher contends that the Magistrate Judge did not consider her argument questioning how the Administrative Law Judge (ALJ) accounted for the state agency psychologists' opinions in determining Fisher's social limitations. Id. at 3–7. And second, Fisher contends that the Magistrate Judge erroneously concluded that she failed to cite evidence of her inability to accept criticism from supervisors. Id. at 7–9.

As to the first issue, Fisher argues that the Magistrate Judge failed to address her contention that the ALJ erred because he did not explain how his

residual functional capacity (RFC) determination accounted for the state agency psychologists' limitations regarding supervisors and coworkers. See Objections at 3–6. According to Fisher,

> The issue presented is not whether substantial evidence could support the [RFC] assessment. Rather, the issue is whether the ALJ adequately explained how the RFC accounts for the limitations in the opinion evidence he found persuasive, and whether he provided the rationale necessary for meaningful judicial review.

Id. at 2. However, when a social security claimant files a lawsuit challenging an administrative law judge's decision, a court's review of such decision is limited to determining whether correct legal standards were applied and whether substantial evidence supports the findings. 20 C.F.R. § 422.210; 42 U.S.C. §§ 405(g), 1383(c)(3); Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)."

While Fisher cites some binding authority in her objection, it fails to support her contention that the ALJ "must build an accurate and logical bridge between the evidence and the conclusions reached[.]" Objections at 2.[2] Rather, binding precedent only requires that an ALJ "state with at least some measure of clarity the grounds for his decision." Winschel v. Comm'r of Soc. Sec., 631

[2] In her Reply, Fisher specifically disclaims any reliance on the "logical bridge" doctrine. See Reply at 1 ("[Fisher] has never argued that remand is warranted because the ALJ failed to satisfy a judicially created 'logical bridge' doctrine."). In an abundance of caution, and because her Objections and briefing could be fairly construed as raising a "logical bridge" argument, the Court addresses the argument.

F.3d 1176, 1179 (11th Cir. 2011) (quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984) (emphasis added), accord Sturdivant v. Soc. Sec. Admin., Comm'r, No. 22-13952, 2023 WL 3526609, at *4 (11th Cir. May 18, 2023) ("Sturdivant argues that the ALJ was required to link evidence to the RFC findings, but our case law only requires that the ALJ state with clarity his reasons for his decision.").[3] The ALJ's decision satisfies this requirement. Indeed, the ALJ specifically stated that the findings of State Agency Dr. Hightower and Dr. Meyers that Fisher has "moderate limitations with socialization" were "accounted for in the RFC finding." Tr. 2012. And the ALJ addressed the evidence and explained how he determined the RFC with sufficient clarity to permit judicial review. See Report at 10–14, 18–20 (describing in detail how the ALJ considered the opinions of Dr. Mhatre, Dr. Hightower, and Dr. Meyers when determining Fisher's RFC).

Fisher also relies on Social Security Ruling (SSR) 96-8p to support her contention that the ALJ was "required to explain why the RFC adequately accommodated [his] findings." See Objections at 4. SSRs are "agency rulings 'published under the authority of the Commissioner of Social Security and are binding on all components of the administration.'" Sullivan v. Zebley, 493 U.S.

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

521, 530 n.9 (1990) (citation omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984). But Fisher's reliance on SSR 96-8p here fails for three independent reasons.

First, although SSRs bind ALJs, they do not bind the Court. See Heckler, 465 U.S. at 873 n.3 ("Rulings do not have the force and effect of the law or regulations but are to be relied upon as precedents in determining other cases where the facts are basically the same." (citation omitted)); Wagner v. Finch, 413 F.2d 267, 268 (5th Cir. 1969) ("A 'Social Security Ruling' which interprets the Act as applied to the facts in a particular case does not have the effect of law.");[4] B.B. v. Schweiker, 643 F.2d 1069, 1071 (5th Cir. 1981) ("While the agency's ruling does not bind this court, we accord it great respect and deference where the statute is not clear and the legislative history offers no guidance."); Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1324 n.12 (11th Cir. 2020) ("Although we are not bound by a Social Security ruling, we do afford it deference."). And Fisher makes no effort to explain why the Court must remand simply because the ALJ violated an SSR. See generally Objections.

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Second, even if a violation of SSR 96-8p could compel remand, remand is not warranted here because the ALJ did not violate SSR 96-8p.[5] Under a caption titled "Narrative Discussion Requirements," SSR 96-8p states:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.
>
> …
>
> Medical opinions. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Based on SSR 96-8p's plain language (and consistent with Fisher's understanding as set forth in the Reply), the ALJ must provide only a "narrative discussion" in which he explicitly "explain[s] how any material inconsistencies or ambiguities … were considered and resolved" and, as to unadopted medical opinions, "explain[s]

[5] In her initial briefing, Fisher failed to identify what language from SSR 96-8p she contends supports her position on this issue. See generally Fisher's Memorandum; Fisher's Reply Memorandum; Objections. Indeed, she quotes pertinent language from SSR 96-8p for the first time in her Reply. See Reply at 3.

why the opinion was not adopted" if the RFC conflicts with the opinion. See SSR 96-8p. Here, the ALJ included a narrative discussion in which he considered and addressed the opinions of Dr. Meyers, Dr. Hightower, and Dr. Mhatre, concluding that their opinions of moderate social limitations were consistent with the RFC limiting Fisher to only occasional social interactions. See Report at 10–14, 18–20; Tr. 2011–12. This is sufficient to permit meaningful judicial review. Indeed, Fisher does not identify any unaddressed "material inconsistencies or ambiguities in the evidence" or explain how the opinions of moderate limitations conflicted with the RFC of occasional social interactions.[6] Without either of those showings, Fisher fails to establish that the ALJ violated SSR 96-8p.

And third, even if SSR 96-8p binds the Court in its review of the ALJ's decision and even if the ALJ failed to comply with it, an ALJ's failure to follow an SSR would be grounds for reversal only if the plaintiff showed that the failure was prejudicial. See Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir. 1981) ("Should an agency in its proceedings violate its rules and prejudice result, the

[6] Fisher contends that "[t]he ALJ never explained why a restriction limiting the frequency of interaction adequately accommodated" her moderate limitations in responding to supervision and getting along with coworkers. See Objections at 4. According to Fisher, the Magistrate Judge "reframed [her] argument as whether occasional interaction is generally sufficient to accommodate moderate social limitations and concluded that [she] cited no authority establishing otherwise." Id. at 5–6. But this is not reframing Fisher's argument; rather, it is simply evaluating whether one of the threshold elements necessary for the argument is satisfied—that is, whether there were "material inconsistencies or ambiguities" in the evidence or whether the RFC conflicted with the medical opinions.

proceedings are tainted and any actions resulting from the proceeding cannot stand." (emphasis added)); [Viverette v. Comm'r of Soc. Sec., 13 F.4th 1309, 1317–18 (11th Cir. 2021) ("The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." (quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009) (alteration adopted));] [Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1274 n.11 (11th Cir. 2024) ("Remand is unwarranted unless an error creates fundamental unfairness or prejudice.").] Here, Fisher has made little effort to identify prejudice resulting from any failure by the ALJ to specifically explain how the moderate social limitations opinions of Dr. Hightower, Dr. Meyers, and Dr. Mhatre were consistent with an RFC of occasional interactions with coworkers.[7] Thus, even if the ALJ failed to comply with SSR 96-8p, that failure, standing alone, would not justify remand.

As to the second objection, Fisher contends that the Magistrate Judge incorrectly concluded that Fisher failed to cite evidence supporting limitations regarding supervisory interaction, thus mischaracterizing Fisher's argument. See Objections at 7–9. But the Court concludes it is Fisher who mischaracterizes the Magistrate Judge's Report, not the reverse.

[7] Fisher's only attempt to argue that the ALJ's supposed error in failing to follow SSR 96-8p was prejudicial is her statement that the error frustrates judicial review. See Objections at 6; Reply at 11–12. But, as explained, the ALJ's narrative discussion of the RFC is sufficient to permit meaningful judicial review.

The language Fisher challenges appears on page 33 of the Report, in a section discussing whether the RFC encompasses Fisher's limitations in accepting criticism from supervisors. See Report at 33 ("Fisher also contends that the ALJ erred by not addressing her limitations in accepting criticism from supervisors. [Fisher's Memorandum] at 21. Fisher provides no basis for this argument other than claiming that her 'anxiety and social phobia are longstanding conditions.' [Fisher's Memorandum] at 22."). The pages cited by the Magistrate Judge come from a section of Fisher's Memorandum spanning just over two pages, in which Fisher argues that the RFC does not encompass all of her limitations. See Fisher's Memorandum at 20–22. In this brief section, Fisher supports her argument with one paragraph on her physical limitations, one paragraph on her ability to handle stress, and one paragraph regarding her limitations in accepting criticism from supervisors. Id. In the single paragraph about her limitations in accepting criticism from supervisors, Fisher states, "[b]ecause [her] anxiety and social phobia are longstanding conditions, the presence of occasional normal findings does not undermine the severity of her impairments." Id. at 22. She cites no other evidence in that paragraph to support the contention that the ALJ, in determining her RFC, failed to encompass all of her limitations in accepting criticism from supervisors. See generally id. The Magistrate Judge's statement on page 33 of the Report simply highlights this fact.

In the Objections, without citing to a single page in the Report or any of the briefing, Fisher points to the Magistrate Judge's statement, trying to suggest that it is evidence of a systemic failure by the Magistrate Judge to consider her arguments. See Objections at 8 ("Contrary to the [Report's] characterization, [Fisher] did identify evidence supporting additional limitations involving supervision, criticism, and workplace interactions. The [Report] therefore rejected [Fisher's] argument based on an incorrect premise."). Fisher contends that she cited evidence from Dr. Meyers, Dr. Hightower, and Dr. Mhatre "addressing her ability to function in a workplace setting" and "testimony and treatment records reflecting ongoing interpersonal difficulties." Id. at 7. True enough—but those citations appear in a different section of Fisher's Memorandum than the one the Magistrate Judge was addressing on page 33 of the Report. See Fisher's Memorandum at 9–11, 14–20 (discussing the medical evidence in a section titled "The ALJ Erred in Considering the Medical Opinions"); id. at 22–25 (discussing Fisher's testimony and treatment records in a section about the ALJ cherry-picking Fisher's subjective symptoms and activities). And indeed, the Magistrate Judge thoroughly considered that evidence when addressing Fisher's arguments as to the medical opinions, cherry-picking, and Fisher's subjective symptoms. See Report at 10–14, 18–20, 34–36. Having carefully reviewed

Fisher's arguments and the record, the Court concludes that Fisher's second objection is due to be overruled.[8]

For the foregoing reasons, the Objections are due to be overruled. Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.[9]

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Doc. 22) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 21) is **ADOPTED** as the opinion of the Court.

---

[8] To the extent Fisher's argument as to her second objection is that the Magistrate Judge incorrectly concluded that the ALJ adequately addressed the evidence and adequately explained his reasoning, the objection is nothing more than a bald statement of disagreement with the Magistrate Judge's analysis. In the Objections, Fisher fails to articulate any error in the Magistrate Judge's statements of the law or the Magistrate Judge's application of the law to the ALJ's decision.

[9] The Court notes that in the Report, the Magistrate Judge refers to physical therapist Dunja Zelihic as "Mr. Zelihic." See, e.g., Report at 14. Fisher refers to Zelihic as "Ms. Zelihic." See, e.g., Fisher's Memorandum at 5. Upon review of the record, the Court is unable to determine the correct honorific for Zelihic.

In note 12 of the Report, the Magistrate Judge refers to medical notes which state that Fisher "has not had chiropractic care since after her surgery in 1996." See Report at 31 n.12 (quoting Tr. 1744). The Court concludes the Magistrate Judge accidentally attributed these notes to the September 20, 2023, "Progress Notes with RN Riggen" rather than to the November 11, 2020, Functional Capacity Evaluation with Zelihic. See Tr. 1744.

3. The Clerk of Court is directed to (1) **enter judgment** pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision; and (2) close the file.

**DONE AND ORDERED** in Jacksonville this 26th day of August, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

i68
lc33

Copies to:
Counsel of Record